

Two Gateway Center, 12th Floor
Newark, NJ 07102

Tel: 973.623.3000
Fax: 973.623.0858
www.ldgrlaw.com

March 20, 2009

**VIA ECF & FAX 973-645-3841**

Honorable Claire C. Cecchi, U.S.M.J.
United States District Court
Martin Luther King, Jr. Federal Bldg. & U.S. Courthouse
50 Walnut Street – Room 2042
Newark NJ  07102

    Re:    **StormTrap, LLC v. Oldcastle Precast, Inc.**
            **Civil Action No. 08-5257(JLL)(CCC)**

Dear Judge Cecchi:

    This firm, together with Cook Alex Ltd., represents plaintiff in the above-captioned matter. In advance of the initial scheduling conference with Your Honor on March 23, 2009 at 12:30 p.m., I enclose the parties' Joint Discovery Plan.

    We look forward to discussing this matter with Your Honor at the March 23 conference. Thank you for your consideration.

                              Respectfully,

                              Mayra V. Tarantino

MVT:cd
Enclosure
cc:    All Counsel (via ECF & email w/enclosure)

204001 v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| StormTrap LLC,<br><br>                Plaintiff,<br><br>v.<br><br>Oldcastle Precast, Inc.,<br><br>                Defendant. | Civil Action No.: 08-5257(JLL)(CCC)<br><br>**JURY TRIAL DEMANDED** |

## JOINT DISCOVERY PLAN

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties through their undersigned counsel have conferred and hereby jointly propose to the Court the following discovery plan:

1. Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

The complaint filed by Plaintiff StormTrap, LLC (hereinafter "Plaintiff" or "StormTrap") alleges that Oldcastle Precast, Inc. (hereinafter "Oldcastle" or "Defendant") infringes United States Patent Nos. 6,991,402 (the '402 patent) and 7,160,058 (the '058 patent) by the offer for sale, sale, and installation of an underground water retention system for Rutgers University. StormTrap seeks damages and injunctive relief to prevent further infringement.

In its Answer, Oldcastle asserts the following affirmative defenses: (a) the failure to state a claim upon which relief may be granted; (b) Oldcastle does not infringe any valid or enforceable claim of the asserted patents; (c) the claims of the asserted patents are invalid for failure to comply with the conditions and requirements of patentability under 35 U.S.C. § 101, 102, 103 and/or 112, (d) any damages suffered by StormTrap were caused by the acts or omissions of StormTrap or others, and not by Oldcastle; (e) StormTrap is equitably estopped from enforcing, has waived, or is barred by the doctrine of laches in the enforcement of one or both of the asserted patents; (f) any damages suffered by StormTrap are the result of StormTraps' failure to mitigate damages.

Oldcastle also asserts counterclaims which seek declarations that the asserted patents are invalid and/or not infringed.

2. Have settlement discussions taken place? Yes _____ No ___X___

If so, when?

---

    (a)    What was plaintiff's last demand?

            (1) Monetary demand: $ _____
            (2) Non-monetary demand: _____

    (b)    What was defendant's last offer?

            (1) Monetary offer: $ _____
            (2) Non-monetary offer: _____

3. The parties [have __X__ -have not _____] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

4. Describe any discovery conducted other than the above disclosures.

    Oldcastle has produced engineering plans of the alleged infringing installation and additional materials for StormTrap's consideration. StormTrap has identified to Oldcastle which claims it will not assert, which claims it will definitely assert, and which claims it may also assert.

5. Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

    Defendant currently plans to file a reexamination request with the United States Patent and Trademark Office ("USPTO") which seeks cancellation of relevant claims set forth in the asserted '402 and '058 patents. Defendant will concurrently file in the court a motion to stay this proceeding until after the USPTO has either denied or decided the reexamination request. Plaintiff will oppose Defendant's motion to stay. Defendant currently anticipates filing the motion and reexamination request only after and if a currently proposed mediation session is unsuccessful. If the parties do not agree to fix the amount of damages, Defendant also plans to take discovery on issues related to disclosure of known prior art to the USPTO during prosecution of the applications which resulted in the '402 and '058 patents. Depending upon the results of that discovery, defendant may also seek to amend its counterclaim to assert a counterclaim for patent unenforceability.

    The parties have considered options for streamlining this litigation. One option being considered is agreeing to an amount by which damages can be fixed. A second option is bifurcating liability from damages in discovery and at trial. In the event the parties do not agree to fix the amount of damages, the parties agree to make a

2

stipulated request, by motion if necessary, to bifurcate liability from damages in the manner described above.

6. The parties proposed the following:

   (a) The Local Patent Rules (L.Civ. R. 9.3) do not apply at this point; however, the parties are amenable to discussion of applying these rules after the scheduled mediation concludes.

   (b) Discovery is needed on the following subjects:

   Parties anticipate that discovery will be needed on at least the following subjects:

   - The development, manufacture, installation, and structure of the accused and any other products that may infringe on one or both of the asserted patents; Defendant's first knowledge of the asserted patents;
   - Customers, potential customers, and other parties that Defendant has solicited or approached with any products that are alleged to infringe one or both of the asserted patents;
   - Any alleged prior art to the patents in suit;
   - The factual bases for each affirmative defense and counterclaim;
   - Possible expert discovery on the technology of storm water retention and detention;
   - Plaintiff's contentions regarding infringement;
   - If the parties do not agree to fix the amount of damages, then discovery may be sought on (a) any opinion of counsel on which Defendant intends to rely as a defense to a charge of willful infringement, (b) other evidence related to the question of whether any infringement was willful, (c) evidence that supports a claim for patent unenforceability, and (d) the amount of Plaintiff's damages.
   - The inventors and prosecuting attorneys knowledge of prior art, events occurring during prosecution of the asserted patents, and similar relevant issues.

   (c) Discovery conducted in phases.

   As noted above, the parties agree that this case is appropriate for bifurcation and may seek to bifurcate liability from damages in discovery and at trial.

   (d) Number of Interrogatories by each party to each other party: ___25___

   (e) Number of Depositions to be taken by each party: No more than 10 but likely in the range of 4 to 8.

3

(f) Plaintiff's expert report due on September 11, 2009.

(g) Defendant's expert report due on October 12, 2009.

(h) Motions to Amend or to Add Parties to be filed by August 10, 2009.

(i) Dispositive motions to be served within 30 days of completion of discovery.

(j) Factual discovery to be completed by November 9, 2009.

(k) Expert discovery to be completed by December 3, 2009.

(l) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

The parties plan to submit an umbrella confidentiality order to the court.

(m) A pretrial conference may take place on February 15, 2010.

(n) Trial by jury or non-jury Trial?

A trial by jury has been demanded.

(o) Trial date: As set by the court.

(p) Counsel of record in this litigation also agree to accept service of all pleadings and other documents exchanged in this litigation by electronic email, in which case, service shall be complete upon transmission as set forth in F.R.C.P. 5(b)(E).

7. Do you anticipate any discovery problem(s)? Yes _____ No __X__
If so, explain.

8. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? Yes __X__ No _____
If so, explain.

Depending on the facts or circumstances or the nature of the testimony sought, the parties may choose to video tape certain depositions.

9. State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and

4

state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

The parties have scheduled a mediation for April 9, 2009 in Chicago.

10. Is this case appropriate for bifurcation?

As noted above, the parties agree that this case is appropriate for bifurcation and may seek to bifurcate liability from damages in discovery and at trial.

11. We [do _____ do not __X__] consent to the trial being conducted by a Magistrate Judge.

Respectfully submitted,

s/Mayra V. Tarantino
Michael E. Patunas
Mayra V. Tarantino
Two Gateway Center, 12th Floor
Newark, NJ 07102
(973) 623-3000
mpatunas@ldgrlaw.com
mtarantino@ldgrlaw.com

Edward D. Manzo *(Pro Hac Vice)*
Louis J. Alex *(Pro Hac Vice)*
Steven E. Jedlinski *(Pro Hac Vice)*
COOK ALEX LTD.
200 West Adams Street, Suite 2850
Chicago, IL 60606
(312) 236-8500
emanzo@cookalex.com
lalex@cookalex.com
sjedlinski@cookalex.com

Attorneys for Plaintiff

s/David A. Ward
David A. Ward
Mandelbaum, Salsburg, Gold, Lazris & Discenza. PC
155 Prospect Avenue
West Orange, NJ 07052
(973) 736-4600
dward@msgld.com

Robert R. Brunelli *(Pro Hac Vice)*
Sheridan Ross P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202
(303) 863-9700
rbrunelli@sheridanross.com

Attorneys for Defendant

Accepted:

_____
Hon. Claire C. Cecchi
United States Magistrate Judge

5